## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIES GLOBAL LOGISTICS INC. | CASE NO. |
| | DIVISION: |
| Plaintiff, | |
| vs. | |
| | JURY TRIAL DEMANDED |
| BASIX of AMERICA LLC | |
| Defendant. | |
| _____/ | |

## COMPLAINT

Plaintiff, Aries Global Logistics ("AGL or Plaintiff"), by and through its undersigned counsel, complaining of Defendant, Basix of America, LLC, ("Basix") hereby avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a breach of contract matter arising from Defendant's failure to make certain payments under agreements where Plaintiff arranged for the importation and domestic shipment and storage of certain cargo on the Defendant's behalf.

2. Plaintiff AGL is a foreign corporation with its company headquarters located at 365 Franklin Avenue, Franklin Square, New York, 11010. Accordingly, AGL is a citizen of New York. AGL specializes in providing high-performance "freight forwarding, shipping and brokerage services" for customers (typically denoted as "shippers and consignees"), by arranging for the interstate shipment of their cargo.

3. Defendant Basix is a customer of AGL for whom AGL performed certain freight forwarding, shipping and brokerage services throughout 2019 and 2020. Basix is a Florida limited liability company with its offices located at 2778 NW 31st Avenue, Lauderdale Lakes,

Florida, and within Broward County Florida. Accordingly, Basix is a citizen of Florida. Basix markets itself as a wholesale clothes distributer in the business of purchasing, warehousing and distributing various forms of "apparel" while serving its retail customers.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as Plaintiff is not a citizen of any of the states in which any Defendant is a citizen; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTS

5. In and around 2019 and through 2020, in order to do business with AGL, the Defendant agreed upon and signed the AGL Global Logistics "Terms and Conditions of Service" Agreement ("Agreement"). *See* Agreement, attached as Exhibit A. The Agreement was signed and executed by Ms. Judith Greenberg ("Ms. Greenberg") as the registered agent and CFO and on behalf of Basix. The Agreement was sanctified and consistent with the standards of the "National Customs Brokers and Freight Forwarders Association" ("NCBFFA"), otherwise known as the organization establishing standards for transportation companies such as AGL.

6. The terms and conditions of the Agreement and the relationship of the parties is governed by the "law of the State of Pennsylvania without giving consideration to principles of conflicts of law." *See* Exhibit A at ¶ 23.

7. The Agreement designates Pennsylvania courts as the jurisdiction in which disputes relating to the services performed by AGL shall be brought. *See id.*

8. From December 5, 2019 through February 14, 2020, the Defendant requested AGL facilitate, arrange for and/or broker multiple Shipments of goods and apparel into the United States and from Pakistan under the Agreement (collectively, "Shipments"). The

Shipments consisted of various apparel items from certain shippers and/or distributers located in Pakistan.

9. As an international freight broker and freight forwarder for the Shipments, AGL provided the Defendant with Invoices for each Shipment, with each Invoice reflecting the amounts owed by the Defendant to AGL per Shipment. The terms of each Invoice provided payment was due by Defendant within 30 days of each Invoice date. The charges due under the Invoices for AGL's services generally reflect the base ocean carriage freight fees for each Shipment, as well as agreed upon charges for related matters necessary to complete the Shipment such as detention fees, customs fees, storage fees, per diems, cartage fees and other fees as reflected and itemized on each Invoice.

10. Attached as Exhibit B to this Complaint is a copy of the AGL "Statement of Account", which is a true and accurate statement of the dates and charges owed by the Defendant to AGL for each Shipment. Each Shipment was accompanied by a "House or Ocean Bill of Lading", which reflects the parties to each Shipment, the dates of each Shipment, the name of the Shipper and the recipient of the Shipment.

11. The amounts due to AGL for each Shipment are summarized in the Statement of Account. *See* Exhibit B. Per the Statement of Account, the amount owed by the Defendant for the Shipments and AGL's services is $123,853.71 in addition to accruing interest at 8% plus AGL's attorney's fees and costs, as provided in the Agreement.

12. On March 19, 2021, AGL made a demand to Defendant and Ms. Greenberg for the past due amounts but no such payments been made. *See* March 19, 2021 Demand Letter attached as Exhibit C.

13. AGL performed its duties and obligations in brokering and arranging for the

successful delivery of the Shipments to the Defendant's locations in and around Broward County Florida, as provided for in the Agreement. Attempts by Plaintiff from 2019 to present to collect upon the Shipment invoices have been unsuccessful.

14. On April 27, 2021 AGL filed a Complaint against Basix in the Seventeenth Judicial Circuit in and for Broward County, Florida.

15. The Florida Circuit Court dismissed the Florida action on March 18, 2022 for lack of jurisdiction, enforcing the Agreement's forum selection clause. *See* March 18, 2022 Order attached as Exhibit D; *see also* Exhibit A at ¶ 23.

16. As of this date, the balance of $123,853.71 remains due to AGL. This balance reflects amounts owed for such expenses and items as "ocean freight fees, drayage, per diem, chassis, cartage, detention, layovers" and other Shipment charges owed by the Defendant and incurred by AGL with regard to the Shipments at issue.

17. The Agreement also provided for AGL's continuing lien on all property relating to Basix which may come into AGL's constructive possession and Defendant's liability for certain storage fees in exchange for the warehousing services provided by AGL in accordance with the lien. *See* Exhibit A at ¶ 14.

18. On December 16, 2020, AGL sent Basix a Notice of Intent to Exercise Warehouse Lien by Auction notifying Basix of their lien associated with Defendant's cargo. *See* Notice of Intent, attached as Exhibit E.

19. As of a consequence of Defendant's breach, AGL incurred a costs associated with the storage of Basix's cargo. *See* Invoice, attached as Exhibit F.

20. Defendant is additionally responsible for all of AGL's reasonable attorney's fees and court costs incurred in prosecuting this action, along with compounding interest at 8% on the

balance owed, and as provided for under the "Terms and Conditions" of the Agreement. *See* Exhibit A at ¶¶ 11-13; *see also* Attorney's Fees Associated with the Florida Action, attached as Exhibit G.

## COUNT I
## Breach of Contract

21. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth here.

22. The parties entered an enforceable contract whereby AGL agreed to perform certain freight forwarding and brokering services in arranging for the delivery of the Defendant's Shipments. *See* Exhibits A and B. The Defendant agreed to pay AGL for those services in accordance with the contract in the amount of $123,853.71, as reflected in the attached Statement of Account. *See* Exhibit B.

23. AGL has performed all conditions precedent under its agreement with the Defendant. The Defendant's failure to pay AGL for services performed by AGL is a breach of contract that entitles AGL to compensatory damages in the amount of $123,853.71 as well as the costs associated with the storage of Defendant's cargo incurred as a result of Defendant's breach of contract.

24. Under the Terms and Conditions of the Agreement, AGL is also entitled to all reasonable attorney's fees and court costs incurred in bringing this action, as well as interest on all amounts owed at 8% per annum and/or the highest rate allowed by law, whichever rate is lower. *See* Exhibit A at ¶¶ 11-13.

WHEREFORE, based on the foregoing, the Plaintiff, Aries Global Logistics, Inc., requests that judgment be entered in its favor and against the Defendant, Basix of America, LLC on AGL's entire Complaint in excess of $75,000, and that the Court also award AGL all reasonable attorneys'

fees and costs incurred throughout this action, interest as allowed by the Agreement, plus any other relief deemed just and proper.

s/*Casey James*
Casey James, Esq. (328954)
Dexter Hamilton, Esq. (50225)
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-2124
cjames@cozen.com
dhamilton@cozen.com
*Counsel for Plaintiff Aries Global Logistics Inc.*

Dated:  May 12, 2022